UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MICHELLE PILLON,<br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.<br>CITIBANK, N.A., AS TRUSTEE FOR<br>WAMU ASSET-BACKED CERTIFICATES,<br>WAMU SERIES 2007-HE2 TRUST,<br>    Defendants. | Civil Action No. 1:17-cv-00450-JJM-PAS |

## ANSWER TO COMPLAINT

Defendants Select Portfolio Servicing, Inc. ("SPS") and Citibank, N.A., as Trustee for WAMU Asset-Backed Certificates, WAMU Series 2007-HE2 Trust (the "Trustee") (collectively "Defendants"), answer the Complaint of Plaintiff Michelle Pillon as follows.

1. Defendants lack sufficient knowledge to admit or deny the allegations.

2. Admit.

3. Defendants lack sufficient knowledge to admit or deny the allegations.

4. Defendants admit that SPS is a Utah corporation. Defendants admit that SPS is the servicer of Pillon's mortgage loan on behalf of the Trustee as holder of the note and holder of the mortgage. Defendants admit that SPS does not "own" Pillon's mortgage loan. Defendants deny the remainder of the allegations.

5. Defendants admit that the Trustee holds Pillon's note and mortgage. Defendants deny that the Trustee has never been assigned Pillon's mortgage or received a transfer of Pillon's note. The remainder of the allegations purport to pertain to documents, which speak for themselves.

6. The allegations purport to pertain to a document, which speaks for itself.

7. The allegations purport to pertain to a document, which speaks for itself. The allegations also seek legal conclusions, for which no answers are required.

8. Defendants admit that a foreclosure sale of the property was scheduled by Orlans PLLC as counsel for the Trustee for September 12, 2017, which sale was cancelled. The notice speaks for itself. Defendants deny the remainder of the allegations.

9. Denied.

10. The allegations purport to pertain to the mortgage, which speaks for itself.

11. The allegations purport to pertain to the mortgage, which speaks for itself.

12. The allegations state legal conclusions, for which no answers are required. In further answering, Defendants deny non-compliance with the terms of the mortgage.

13. The allegations pertain to documents, which speak for themselves.

14. The allegation in the first sentence purports to pertain to the mortgage, which speaks for itself. Defendants lack sufficient knowledge to admit or deny the allegations concerning the vendor in the second sentence and call upon Pillon to prove the same at trial, and Defendants deny non-compliance with the terms of the mortgage as alleged in the second sentence.

15. Defendants lack sufficient knowledge to admit or deny the allegations and call upon Pillon to prove the same at trial.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT I
## BREACH OF CONTRACT

21. Defendants repeat and incorporate by reference their answers to all preceding paragraphs as if fully set forth herein.

22. The allegations purport to pertain to the mortgage, which speaks for itself. The allegations also state legal conclusions, for which no answers are required. In further answering, Defendants deny non-compliance with the terms of the mortgage.

23. Denied.

24. Denied.

25. The allegations state legal conclusions, for which no answers are required. To the extent that answers are required, Defendants deny the allegations and deny non-compliance with the terms of the mortgage.

## COUNT II
## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

26. Defendants repeat and incorporate by reference their answers to all preceding paragraphs as if fully set forth herein.

27. The allegations purport to pertain to the mortgage, which speaks for itself. The allegations also state legal conclusions, for which no answers are required.

28. The allegations purport to pertain to the mortgage, which speaks for itself. The allegations also state legal conclusions, for which no answers are required.

29. The allegations state legal conclusions, for which no answers are required.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT III
## INJUNCTIVE RELIEF

34. Defendants repeat and incorporate by reference their answers to all preceding paragraphs as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT IV
## VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT

41. Defendants repeat and incorporate by reference their answers to all preceding paragraphs as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## AFFIRMATIVE DEFENSES

### FIRST

Plaintiff fails to state a claim against Defendants upon which relief may be granted.

### SECOND

Plaintiff's claims are barred by Plaintiff's own defaults.

### THIRD

Plaintiff's claims are moot.

### FOURTH

To the extent Plaintiff suffered loss or damage, such loss or damage was caused by Plaintiff's own acts or omissions.

### FIFTH

To the extent Plaintiff suffered loss or damage, such loss or damage was caused by a third-party not within the control of Defendants.

### SIXTH

Plaintiff fails to establish a material breach of contract.

### SEVENTH

Plaintiff's own material breaches of contract excuse Defendants from further performance.

### EIGHTH

Plaintiff fails to establish any contractual condition precedent breached.

### **NINTH**

Plaintiff failed to mitigate any damages incurred.

### **TENTH**

Any damages incurred must be set-off against amounts due under the mortgage loan.

### **ELEVENTH**

Plaintiff lacks legal standing to assert the claims.

### **TWELFTH**

Plaintiff did not sustain any actual injury in fact.

### **REQUEST FOR RELIEF**

**WHEREFORE,** Defendants respectfully request this Honorable Court to:

1. Enter judgment in their favor against Plaintiff on all Counts;

2. Dismiss all Counts with prejudice;

3. Award attorneys' fees and costs incurred in defending this action; and,

4. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**SELECT PORTFOLIO SERVICING, INC. and CITIBANK, N.A., AS TRUSTEE,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (R.I. #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
T:  (617) 342-6800
F:  (617) 342-6899
pcarr@eckertseamans.com

Dated:  April 9, 2019

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

                                        /s/ Peter F. Carr, II
                                        Peter F. Carr, II

Dated: April 9, 2019